PIERCE, Chief Judge.
On April 9, 1969, a criminal information (No. 6031) was filed in the Lake County Circuit Court charging appellant Wiley R. Hill with making and uttering a worthless check to a local jewelry company with intent to defraud. On a plea of guilty to said charge, Hill, after a Court hearing, was adjudged guilty but imposition of sentence was suspended and he was placed on probation for a period of three years.
On December 22, 1970, information (No. 6659) was filed in the same Court charging Hill with uttering a forged check with intent to defraud The First National Bank of Leesburg, and on the same date was charged in another information (No. 6660) with the same offense involving another check of a different amount.
On March 9, 1971, Hill pleaded guilty in all three cases and was so adjudged by the Court. In Case No. 6660 he was sentenced to five years imprisonment; in Case No. 6659 he was again put on probation for a period of ten years; and in Case No. 6031 his original probation was revoked and he was sentenced to one year imprisonment, to run concurrently with that in Case No. 6660.
On April 2, 1971, notice of appeal was filed by Hill in all three cases.
This is a direct appeal from the judgment of conviction, primarily in Case No. 6660. The sole point urged here for re *240 versal is that the trial Court did not advise Hill “of his entire constitutional rights, and the consequences of his plea of guilty prior to the acceptance of it by the Court.” More specifically, Hill contends “he was not advised of his right to remain silent, and his right not to testify against himself.”
As to his right to “not testify against himself,” suffice to say that he did not “testify against himself” because there was no trial.
As to his right to have the Court advise him “of his right to remain silent”, we can only comment that Hill has misconstrued his “right to silence”. The trial Court was not concerned with the volun-tariness of a confession to determine its admissibility as evidence. In such instances, it would be proper, and even obligatory, for an accused to be advised of his right to remain silent. But here the whole question was the voluntariness of his plea of guilty. And it severely taxes one’s sense of credulity how he could plead guilty at all and still remain silent. A fortiori, if he had remained silent when asked to plead, the Court would have, as a matter of course, entered a plea of not guilty for him and then he would have proceeded to trial, which is obviously what Hill did not want.
Hill concedes in his brief that “the transcript does show that Defendant was advised of his right to trial by jury, to his right to counsel, of the fact that the State must prove beyond a reasonable doubt that he is guilty, and that he was advised of what the possible sentence was in each case” and “was additionally advised he had a right to confront and cross examine witnesses against him”. The record of the trial proceedings filed here shows that, before his pea of guilty was accepted, his rights were explained to Hill in open Court in minute detail, tediously, exhaustively, and even laboriously, by both the trial Judge, by his own counsel, and by the prosecutor. At this open-Court session leading up to the adjudication and sentence, his own attorney admitted that Hill was “fully aware of his constitutional rights.”
We have perhaps been too prolix in this opinion, but the ingenuity, accompanied by a touch of audacity, displayed in evolving the novel contention that failure to advise the accused of his right to remain silent while pleading guilty deserved something more from us than a few terse words of affirmance. Such mental dexterity should be encouraged.
The judgment appealed is—
Affirmed.
LILES and McNULTY, JJ., concur.