PER CURIAM.
Appeal dismissed without prejudice to appellant’s right to seek relief by habeas corpus pursuant to Baggett v. Wainwright, Fla.1969, 229 So.2d 239. See also Powe v. State, Fla.1968, 216 So.2d 446, and Pratt v. State, Fla.App.2d 1970, 232 So.2d 248.
Prior to seeking delayed appellate review, the appellant should consider that he was adjudicated pursuant to a plea of guilty. All he is now alleging is that he was denied appellate review. Of course, he has a right to appeal but this is a needless expense to the taxpayers if there is no error in the trial court proceeding. If there is any reason why the guilty plea should be set aside, the appellant should consider whether ' he. wants to pursue a fruitless appeal or to file a petition under Rule 3.850, Fla.R.Cr.P., 33 F.S.A., if he alleges that the guilty plea was unlawfully *548 received in the first instance. If the record in the trial court would reveal the propriety of the guilty plea, Davis’ appeal would be frivolous.
PIERCE, C. J., and HOBSON and MANN, JJ., concur.