RAWLS, Judge.
Appellant Von Eberstein brings this appeal[1] from a denial by the trial court of his Rule 3.850, FRCrP, 33 F.S.A., motion to set aside his conviction of breaking and entering with intent to commit a felony, i. e., grand larceny, on the grounds that there was no evidence to establish that he intended to steal the property of another valued at $100 or more.[2]
The State’s sole contention is that appellant has no standing to raise an evidentiary issue in a collateral attack upon the judgment of conviction and sentence which has previously been affirmed by this court on direct appeal.[3] In support of this contention the Attorney General vigorously argues that by failing to raise the subject issue in his motion for new trial and as *445 signments of error on direct appeal, Von Eberstein is now precluded from posing this issue in a collateral attack upon a final judgment.
To convict an accused of a crime when one of the elements of that crime has not been proven is to deprive the accused of the due process of law which is guaranteed to him by our state and federal constitutions.[4] We hold that Von Eber-stein’s challenge to his conviction in this collateral proceeding is cognizable as he has been convicted of a crime without due process of law.
We now review the uncontradicted facts. Shortly before 10 p. m. on May 16, 1969, the police were summoned by a neighbor to investigate a breaking and entering at the home of Mr. and Mrs. McClelland. Officers Howell and Crews were the first to arrive at the scene. Officer Crews positioned himself at the front door while Officer Howell entered the dwelling through the back door. Upon entering the dining area of the McClelland home Officer Howell saw Von Eberstein, informed him that he was under arrest and ordered him to stop. Nevertheless, Von Eberstein fled from the house through the front door where he was apprehended by Officer Crews. Von Eberstein, who was wearing socks on both hands and holding a screwdriver, was handcuffed and searched but no personal property belonging to the McClellands was found in his possession.
Officer Howell continued his search of the house and apprehended Robert Little in a bedroom. Little had in his possession a Masonic ring, watch and suit coat all of which belonged to Mr. McClelland. Also found in the bedroom was a pillowcase which contained a razor, cigarettes and shaving cream.
At the trial Mr. McClelland testified that the ring and watch were Christmas presents and were cherished by him but no monetary value for the watch, ring or suit coat was ever established. Nor was evidence offered on the value of the personalty in the McClelland household. The only evidence of the value of any item in the household was Mr. McClelland’s testimony that $70 was missing from his dresser drawer.
At the conclusion of the trial the jury returned a verdict finding Von Eberstein guilty of grand larceny and of breaking and entering with intent to commit a felony, i. e., grand larceny. The trial court determined that the evidence would not support the conviction of grand larceny and reduced the conviction on that count to petit larceny. The conviction of breaking and entering with intent to commit grand larceny was allowed to stand and Von Eberstein was sentenced to 20 years at hard labor on that count.
The key element of the crime of breaking and entering with intent to commit a felony, i. e., grand larceny, is the “intent.” [5] To establish the necessary “intent” to commit grand larceny, it must first be shown that there was property valued at $100 or more which could have been the subject of the larceny.[6] Once the value of the property has been established to be at least $100 then the jury may determine from the other circumstances presented that the breaking and entering was for the purpose of committing grand larceny.[7]
The courts of this State have held time and time again that the value of the prop *446 erty subject to a potential larceny cannot be established by simply showing that a dwelling was filled with household goods,[8] or a store with merchandise.[9] There must be some specific and competent evidence establishing that the value of the property was at least $100.[10] Here, the only specific evidence concerning the value of the Mc-Clelland’s household goods was the $70 in cash which was missing from the dresser drawer. No monetary value was ever placed on the ring, watch, suit coat, or on all of the other household goods that were “ransacked” by Von Eberstein and Little. Thus, there was no competent evidence establishing that personal property of at least $100 was located in the McClelland household.
We agree with the contention Von Eber-stein now raises in this collateral attack that his conviction for breaking and entering with intent to commit a felony, i. e., grand larceny, cannot stand as the evidence is void of any intention on his part to steal the property of another valued at $100 or more.
In reversing the judgment appealed we pause to note that even though a specific value of $100 or more must be established to support a conviction of breaking and entering with intent to commit grand larceny, proof of any value will support a conviction of breaking and entering with intent to commit petit larceny.[11]
The trial court is directed to vacate the judgment of conviction and sentence as to defendant’s guilt of the crime of breaking and entering with intent to commit grand larceny and to enter a judgment of conviction as to defendant’s guilt of the crime of breaking and entering with intent to commit petit larceny and impose a new sentence accordingly.
Reversed and remanded, with directions.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.

.Von Eberstein brought a timely appeal from his conviction to this court, but did not raise the issue involved in this instant proceeding. See Von Eberstein v. State, 239 So.2d 155 (1 Fla.App.1970), wherein we affirmed the judgment appealed.

. Von Eberstein does not challenge the jury determination that he “broke and entered” the dwelling of another.

. Von Eberstein v. State, 239 So.2d 155 (1 Fla.App.1970).

. Art. I, Sec. 9, Constitution of the State of Florida (196S), F.S.A.; and Fifth Amendment to the Constitution of the United States.

. Turknett v. State, 116 Fla. 562, 156 So. 538 (Fla.1934).

. Todd v. State, 187 So.2d 908 (3 Fla.App.1966) ; and Adams v. State, 242 So.2d 723 (1 Fla.App.1971).

.See Rebjebian v. State, 44 So.2d 81 (Fla.1949), where a conviction of breaking and entering with intent to commit grand larceny was upheld when it had been established that the thief went directly to a room containing $20,000 worth of jewels. Also see Dobry v. State, 211 So. 2d 603 (3 Fla.App.1908), where the value of household goods was established to be in excess of $100.

. Channell v. State, 107 So.2d 284 (2 Fla.App.1958).

. Williams v. State, 101 So.2d 877 (1 Fla.App.1958).

. Channell v. State, supra, where a conviction for breaking and entering a dwelling house with intent to commit grand larceny was reversed as there was no showing of the value of the property in the house or that accused took anything from the home.

.Jones v. State, 192 So.2d 285 (3 Fla.App.1966).