290 So.2d 138 (1974)
Ciro ESTEVEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-875.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Joel Rosenblatt, Asst. Atty. Gen., and Wayne Ripley, Jr., Legal Intern, for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant was informed against, tried before the court without a jury and found guilty of the crime of breaking and entering a dwelling with intent to commit a felony, to-wit, grand larceny, and of the crime of grand larceny. Separate sentences were imposed thereon for imprisonment for a period of three years, with provision for the sentences to be served concurrently.
On appeal therefrom the appellant contends the court erred in denying his motion for acquittal, on the ground of insufficiency of the evidence, and further that it was error to impose more than one sentence. We hold no reversible error has been shown.
On this record we must reject the appellant's contention of insufficiency of the evidence. In addition to certain evidence pointing to guilt of the offenses was the feature that the appellant was found in possession of recently stolen property (being that taken from the residence), with no reasonable explanation thereof by him.
Relying on Yost v. State, Fla.App. 1971, 243 So.2d 469, 471, the appellant *139 argues that the two crimes involved in this case were facets of the same transaction, and that it was error to impose separate sentences therefor.
In Yost v. State, supra, this court, citing an earlier decision of the Supreme Court and decisions of the district courts, said: "In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence should be imposed; and the sentence which should be imposed is for the highest offense charged." The crimes to which that principle was applied there, unlawful sale of marijuana and unlawful possession of marijuana, by the evidence were shown to have been facets of the one transaction on a given date, in that the marijuana which was the subject of the charge of possession was that which was shown to have been the subject of the alleged unlawful sale.
The appellant cites Davis v. State, Fla. App. 1973, 277 So.2d 300, and Edmond V. State, Fla.App. 1973, 280 So.2d 449, both decided by the second district court of appeal. In the Davis case, with reference to a charge and conviction of the crimes of breaking and entering with intent to commit petit larceny, and petit larceny, the court said: "As to the breaking and entering and petit larceny charges, it must be presumed that the perpetrator breaks and enters with a purpose and that the accomplishment of that purpose (the petit larceny) can only be classified as part of the same criminal act", and held sentence could be imposed for only one of said offenses. In Edmond v. State, supra, the district court made a similar ruling where one had been charged and convicted of breaking and entering a building with intent to commit grand larceny and of the crime of grand larceny.
We are not inclined to follow these rulings of the district court in Davis and Edmond. It appears that the Supreme Court of Florida has held to the contrary, in Steele v. Mayo, Fla. 1954, 72 So.2d 386. In recent decisions the Supreme Court stated that in order to preserve uniformity of the law throughout the state, a disagreement by a district court of appeal with a controlling precedent of the Supreme Court should not prompt a contrary ruling thereon by the district court, but rather an adherence to the controlling precedent, with the district court of appeal being free to express its reasons for advocating change in the precedent. Hoffman v. Jones, Fla. 1973, 280 So.2d 431, 434, and Gilliam v. Stewart, Fla. 1974, 291 So.2d 593; and see State v. Lott, Fla. 1973, 286 So.2d 565.
In our view convictions for the two offenses mentioned properly may lead to separate sentences therefor, and we affirm the sentences on authority of Steele v. Mayo, supra. See Kish v. State, Fla.App. 1967, 198 So.2d 639.