PER CURIAM.
Upon a jury verdict, Langley was convicted of the following crimes: (1) breaking and entering with intent to commit grand larceny; (2) larceny of firearms; and (3) possession of burglary tools. The trial court imposed three consecutive sentences of six months to fifteen years; hence this appeal by Langley.
Langley’s primary defense at trial to each of the offenses was that of entrapment. He now asserts that the trial court erred in denying a motion for judgment of acquittal at the close of his case as the evidence clearly showed he was entrapped. The transcript of testimony reflects that an informant advised a Duval County deputy sheriff that the informant’s cohorts, including Langley, planned to burglarize a place of business in Marion County on a night certain. A stakeout by law enforcement officers resulted in the apprehension of Langley and his companions in the act of perpetrating the crimes. Langley insists that his story that he was enticed by the informant into participating in the criminal activities coupled with the admission by one of the police officers that the informant also participated in the criminal episode, shows entrapment as a matter of law. However, a review of the record reveals that there was conflicting evidence on the issue of entrapment. Under such circumstances, the question of entrapment was properly submitted to the jury. State v. Rouse, 239 So.2d 79 (Fla.App. 4th 1970).
Appellant’s second point on appeal, viz: “The trial court erred in imposing consecutive sentences for the offenses of breaking and entering with intent to com *614 mit a felony, larceny of firearms, and possession of burglary tools since each count involved a facet or phase of the same criminal act” is meritable. The state, with commendable candor, admits that in light of the recent Supreme Court’s opinion rendered in Foster v. State, 286 So.2d 549 (Fla.1973), the sentence imposed for the highest offense should be allowed to stand and the lesser sentences be vacated. The sentences imposed by the trial court upon Langley for committing the crimes of larceny of firearms and possession of burglary tools are vacated and set aside. The sentence of 6 months to 14 years imposed by the trial court upon Langley for committing the crime of breaking and entering with intent to commit a felony is affirmed without the necessity of bringing Langley before the trial court for resentencing. Johnson v. State, 260 So.2d 212 (1 Fla.App. 1st 1972).
Affirmed in part and reversed in part.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.