295 So.2d 355 (1974)
Jack James McHANEY, Appellant,
v.
STATE of Florida, Appellee.
No. U-104.
District Court of Appeal of Florida, First District.
June 4, 1974.
Rehearing Denied June 25, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
The salient point on appeal is whether appellant may be found guilty of and have consecutive sentences imposed for both the crimes of breaking and entering with intent to commit a felony, i.e., grand larceny, and grand larceny.
H.C. Smith and Charles W. Smith returned to their home on the evening of June 20, 1973, to find that a breaking and entering was in process. H.C. Smith identified appellant as one of the culprits. The sheriff's department was summoned to the scene and with the use of dogs, the deputies trailed the suspects to a nearby creek. There the deputies found appellant and his accomplices lying along the side of the creek. Officer Allred testified that he found on appellant $1,373.00 and a silver dollar key chain with the initials "C.W.S." The Smith brothers testified that after the breaking and entering a pump gun, an old pistol, a key ring and $2,759.00 in cash were missing from their home. The jury convicted appellant of breaking and entering with intent to commit a felony and of grand larceny. Thereafter the trial court sentenced appellant to fifteen years in the state penitentiary for the crime of breaking and entering with intent to commit a felony, i.e., grand larceny and five years on the grand larceny conviction; the sentences to run consecutively.
Appellant urges that as the breaking and entering with intent to commit *356 a felony, i.e., grand larceny and the grand larceny were both a part of the same criminal transaction, he can only be sentenced for the highest offense, i.e., breaking and entering with intent to commit a felony. We agree. The key element of breaking and entering with intent to commit a felony, i.e., grand larceny is the intent.[1] To prove the crime of breaking and entering with intent to commit a felony, it must be shown that a grand larceny did occur or that there was property valued at $100.00 or more which could have been the subject of the larceny.[2] We hold that appellant can only be sentenced for the highest offense which is breaking and entering with intent to commit a felony.[3]
Before concluding we note that appellant also assigns as error the admission into evidence of certain physical evidence after the state had replied to appellant's pretrial motion for discovery that it had no physical evidence in its possession. While the conduct of the state is inexcusable and might well give rise to a reversal of a conviction, we hold that in this case where appellant was caught red-handed the error is harmless. Accordingly, we reverse in part and remand with instructions that the trial court, without the necessity of bringing appellant before it, vacate appellant's sentence for grand larceny. The judgment and sentence as to appellant's conviction of breaking and entering with intent to commit a felony, i.e., grand larceny, is affirmed.
Affirmed in part and reversed in part.
SPECTOR and JOHNSON, JJ., concur.
NOTES
[1] Von Eberstein v. State, 270 So.2d 444 (1 Fla.App. 1972); and Turnnett v. State, 116 Fla. 562, 156 So. 538 (Fla. 1934).
[2] Adams v. State, 242 So.2d 723 (1 Fla. App. 1971). Also see Langley v. State, Fla. App., 292 So.2d 613, Opinion filed April 11, 1974; Edmond v. State, 280 So.2d 449 (2 Fla.App. 1973), cert. denied 287 So.2d 690; Hardrick v. State, Fla.App., 293 So.2d 135, Opinion filed April 19, 1974; and Ashley v. State, Fla.App., 292 So.2d 616, Opinion filed April 3, 1974.
[3] We are aware of the contra holdings of the Fourth District Court of Appeal. See White v. State, 274 So.2d 6 (4 Fla.App. 1973); and State v. Conrad, 243 So.2d 174 (4 Fla.App. 1971).