295 So.2d 672 (1974)
Arthur Lee PETTIGREW, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1025.
District Court of Appeal of Florida, Fourth District.
June 7, 1974.
Richard L. Jorandby, Public Defender, and Curtis G. Levine, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Defendant was convicted of (1) entering a vehicle without breaking, with intent to commit grand larceny, and (2) grand larceny. He was sentenced to two years on one count and five years on the second, the sentences to run concurrently.
On appeal the Attorney General has demonstrated commendable candor in suggesting the sentences involved may be improper since the two counts are facets of one transaction. Lietch v. State, Fla.App. 1971, 248 So.2d 203.
We find no merit in appellant's points on appeal nor in the suggestion that the sentences were improper. This court held in White v. State, Fla.App. 1973, 274 So.2d 6, that breaking and entering with intent to commit a designated felony and the crime of having committed the same felony are two separate and distinct substantive crimes; that conviction on both counts justifies a sentence on each count. While recognizing there are cases which hold to the contrary, such as, Davis v. State, Fla. App. 1973, 277 So.2d 300, and Edmond v. State, Fla.App. 1973, 280 So.2d 449, the Third District Court of Appeal in Estevez v. State, Fla.App. 1974, 290 So.2d 138, held, as did this court in White v. State, supra, that the offense of breaking and entering with intent to commit a felony, to-wit: grand larceny, and the offense of grand larceny are two distinct crimes and do not fall within the two facets of the same *673 transaction rule. We agree with the holding in Estevez, supra, and reaffirm our holding in White, supra.
Accordingly, the judgment and sentence appealed from is affirmed.
WALDEN and MAGER, JJ., concur.