317 So.2d 445 (1975)
Charlie KELSEY, Appellant,
v.
STATE of Florida, Appellee.
No. V-313.
District Court of Appeal of Florida, First District.
January 21, 1975.
*446 Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant, defendant in the trial court, was charged by information with breaking and entering of a dwelling house with the intent to commit a felony therein, and, in a second count, with grand larceny. A jury of his peers found him guilty on both counts. The trial court sentenced defendant to eight years on Count I and three years on Count II, said sentences to run consecutively. Several points are presented on this appeal.
First, appellant urges that the trial court erred in imposing two consecutive sentences on the two counts of the information, thereby violating the "single transaction rule", citing this Court's opinion in McHaney v. State, Fla.App.1st 1974, 295 So.2d 355. As stated in that case, the key element of breaking and entering with intent to commit a felony is the intent. It matters not whether the culprit actually commits a felony after the breaking and entering. If he broke and entered with the requisite intent, all of which is a matter of proof, then the crime was committed. The "transaction" is concluded. Grand larceny is quite another matter. That crime may be committed after one has broken and entered or it may be accomplished without a prior breaking and entering. The two are separate transactions and are separate crimes. Each can be committed in the absence of the other. They are not therefore "the same criminal transaction". Being separate crimes and separate transactions, sentences on each, following convictions on both offenses, are permissible. The record in the case sub judice reveals sufficient evidence to sustain the jury's conviction of defendant for the crime of breaking and entering of a dwelling house with the intent to commit a felony therein and sufficient evidence to sustain their verdict of guilty on the offense of committing the crime of grand larceny. The foregoing expresses the convictions and opinion of the writer hereof and is in accordance with Steele v. Mayo, Sup.Ct.Fla. 1954, 72 So.2d 386 and Estevez v. State, Fla.App.3rd 1974, 290 So.2d 138. However, the above views are in direct conflict with Davis v. State, Fla.App.2nd 1973, 277 So.2d 300 and Edmond v. State, Fla.App.2d 1973, 280 So.2d 449 as well as McHaney v. State, supra. Inasmuch *447 as the facts sub judice are not reasonably distinguishable from those in McHaney v. State, supra, the writer of this opinion in the interest of stare decisis concurs with the latter opinion of this court unless and until the Supreme Court holds to the contrary. Therefore, it is apparent that in keeping with McHaney we must reverse with instructions that appellant's sentence for grand larceny be vacated.
Appellant next urges that the trial court erred in refusing to instruct the jury on penalties as required by Rule 3.390(a) RCrP. That rule provides as follows:
"The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial."
Although the wording of the rule, adopted by the Supreme Court, is clearly mandatory (no stronger word than "must" is available in the English language) nevertheless that Court has held that the rule does not mean what it says and that it is merely directory. (Johnson v. State, Sup. Ct.Fla. 1974, 308 So.2d 38; opinion filed December 11, 1974.) It follows therefore that the refusal of the trial court to follow the rule was not error.
We find the other points raised by appellant to be without merit.
The sentence of three years on Count II of the information (grand larceny) is hereby vacated and set aside: In all other respects the judgment and sentence appealed are affirmed.
Reversed in part and affirmed in part.
RAWLS, C.J., specially concurring.
McCORD, J., concurs in judgment.
RAWLS, Chief Judge (specially concurring).
I am in full accord with this Court's decision in McHaney v. State, 295 So.2d 355 (1 Fla.App. 1974), and thus do not concur in the reservations expressed by Judge Boyer as to the opinion of this Court in that case. I do concur, however, in the remainder of the opinion and the judgment entered.