PER CURIAM.
The appellant, Robert Lee Cooper, was accused of violating the terms of his probationary sentence in that he failed to live and remain at liberty without violating any law.
Following a hearing to determine if his probation should be revoked, the trial judge found that the appellant had violated his probation, which he revoked, and he sentenced the appellant to serve seven years imprisonment for breaking and entering with intent to commit grand larceny and two years for grand larceny, the sentences to run concurrently.
As his only point on appeal, the appellant contends that the court erred in imposing concurrent sentences for both offenses since the crimes arise out of the same transaction and only one sentence should have been imposed.
*343 Both the appellant and the state have cited this court’s holding in Estevez v. State, Fla.App. 1974, 290 So.2d 138, in which we held that separate sentences may be imposed for the two offenses involved in this case.
Both sides also have apprised us that the Florida Supreme Court has granted a writ of certiorari to review our holding in Es-tevez. However, until such time as the Supreme Court may state otherwise, we adhere to our decision in Estevez, and that opinion is controlling authority in the instant case.
Therefore, for the reasons stated, the order revoking the appellant’s probation and his sentence to incarceration in the state penitentiary is affirmed.
Affirmed.