DANIEL CLIFTON, JR., PLAINTIFF IN  ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The indictment charged the defendant with breaking and entering a building (store) in the night time  with intent to commit  a felony, to-wit: larceny, and the Court charged the jury if they found that the defendant broke and entered the building *as charged  in the indictment*, they should convict:  *Held*, that the charge referred to the  indictment in its entirety, the *time* of  the  breaking and entering  being included, and was therefore not erroneous in  not charging more  specifically that the breaking and entering must be  in the night time.

2. There were $600 worth of goods in the store at the time, and upon going to the store some time during the night, the owner found that some one was inside, whereupon he hallooed, and the defendant and another person jumped out of a  window which had been broken open, and upon entering the store the owner found various articles of merchandise packed in sacks:  *Held*, that the evidence was sufficient to warrant the jury in coming to the  conclusion that the  defendant broke  and entered the building  with  the intent to steal  goods of the value of  more than $20.

3. The charge of the Court, and charges given upon request of the State and the accused, should be  considered  together, and if as a whole, the charge is correct, the verdict will  not be set aside upon the ground of alleged error in the charge,

Writ of Error to the Circuit Court for Volusia County.

The facts of the case are stated in the opinion.

*Foster & Gunby*, for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: Daniel Clifton, Jr., plaintiff in error, was tried and convicted upon an indictment charging him with breaking and entering a building in the night time with intent to commit a felony, on the 1st day of May, 1889. The defendant moved for new trial, the motion was overruled, and the case is brought here upon writ of error.

No assignment of errors has been filed, but counsel for plaintiff in error contend that the trial judge in his charge did not give the law of the case, and that he erred in giving certain charges, and in refusing to give others requested by plaintiff in error, and in overruling the motion for new trial. We have carefully considered the charges given and those refused, and considering all the charges together, in our judgment, they correctly state the law of the case. The Court charged the jury that "if they believed from the evidence that Daniel Clifton, Jr., broke and entered the building as charged in the indictment with intent to commit a felony, to-wit: larceny, of the property of W. R. Revels, of the value of more than $20, it is not necessary to prove that the defendant took any property, the intent being the gist of the larceny." This part of the charge, it is contended, is defective in not charging that to make out the offence, the breaking and entering must occur in the night time. We do not think that this proposition is tenable because the indictment charged the breaking and entering in the night time, and the Court charged if the jury found that the defendant broke and entered the building *as charged in the indictment,* they should convict.

The charge referred to the indictment in its entirety, including of course the time of the breaking and entering, and consequently the charge was not, in this respect defective as contended. Nor did the Court err in charging that it was not necessary to prove the taking and carrying away the property of Revels. It was for the jury, under the evidence, to draw their conclusions as to whether or not the defendant intended to steal the goods· of Revels. The evidence upon this point we think, was sufficient to warrant the conviction.

On the night the store was broken into, the owner went to the store some time after night and saw some one light a match inside, and discovered that a window, which he had closed about night, had been broken open, whereupon he hallooed, and the defendant and another man jumped out of the window and ran off, and upon entering the store, two or more sacks with goods of different kinds belonging to Revels, were found in them, which in·our judgment, clearly evidenced the intention of the parties who entered the store to steal the goods found therein, and that the jury were safe in coming to the conclusion that it was the intention to steal goods to the value of more than $20. Under the evidence there were $600 worth of goods in the store at the time, and it may be that the jury believed the thieves intended to steal the whole of them. But then it is contended that the jury had some doubt in their minds as to the guilt of the defendant, as they recommended him to the mercy of the court. There may be some force in this contention, but if so, we fail to comprehend it. Juries frequently render verdicts that it would be difficult for them to give a sufficient reason for finding, but as they are charged that if they have a reasonable doubt as to the guilt of the accused, it is their duty to acquit, it is but seldom

that a jury recommend to mercy upon the ground that they have a doubt as to guilt. Recommendations to mercy by juries is oftener through sympathy for the accused and his family than from all other causes, and when they recommend a man to the mercy of the court it is no evidence that they have any doubt as to his guilt.

The charges asked by the defendant were, in substance, but a repetition of those given by the Court, and there was no error in refusing to give them.

The several grounds of the motion for new trial we have considered in their order, as argued by defendant's counsel, and, therefore, we will not consider them again.

The charges of the Court, including those given at the request of the State Attorney, and the one given upon defendant's request, being construed together, were fair to the accused; the accused being convicted, and there being nothing whatever to induce the belief that the jury were influenced by any improper motive, and there being evidence to sustain their finding, we can see no cause for reversal. The judgment is affirmed.