THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD PURCELL *et al.* Plaintiffs in Error.

*Opinion filed October 27, 1915.*

1. CRIMINAL LAW—*to charge the offense of an attempt to commit larceny indictment must allege failure.* To charge the offense of an attempt to commit larceny it is essential that it be charged and proven not only that some overt act was done towards the commission of larceny, but that the person making the attempt failed in the perpetration of the offense or was intercepted and prevented in its execution.

2. SAME—*indictment should allege value of property attempted to be stolen.* In Illinois, where grand larceny is a felony and petit larceny a misdemeanor, the value of the property attempted to be stolen is a material allegation of an indictment for an attempt to commit larceny in order to determine the crime committed and the punishment to be inflicted, and it follows that where an attempt is made to steal from the person of one who has nothing of value on his person capable of being stolen no crime has been committed.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

CHARLES C. WILLIAMS, and THOMAS E. SWANSON, for plaintiffs in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (DWIGHT Mc-KAY, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiffs in error, Edward Purcell and Charles Hannon, were convicted in the criminal court of Cook county of an attempt to commit the crime of larceny, and the jury found by their verdict that the value of the property attempted to be stolen was $50. Motions for a new trial and in arrest of judgment were overruled and plaintiffs in error were sentenced to the penitentiary. Reversal of the judgment is asked upon two grounds: First, that the indictment is so fatally defective that it will not support the conviction; and

second, that the verdict is not supported by the evidence. We will consider only the first of the points presented.

The indictment was returned under section 1 of division 2 of the Criminal Code, which is as follows: "Whoever attempts to commit any offense prohibited by law, and does any act towards it but fails, or is intercepted or prevented in its execution, where no express provision is made by law for the punishment of such attempt, shall be punished, when the offense thus attempted is a felony, by imprisonment in the penitentiary not less than one, nor more than five years; in all other cases, by fine not exceeding $300, or by confinement in the county jail not exceeding six months." (Hurd's Stat. 1913, p. 864.)

The first count of the indictment charges that plaintiffs in error attempted to steal the personal property of Anebior Anebiou from his person, but that they failed in the perpetration of the offense and were intercepted in the execution of the same. This count does not contain any charge as to the value of the property attempted to be stolen. The second count, omitting the formal part, charges that plaintiffs in error, "devising and intending unlawfully and feloniously to steal, take and carry away from the person of one Anebior Anebiou, whose true name is to said jurors unknown, a large sum of money, to-wit, the sum of $50, lawful money of the United States of America, of the value of $50, the personal goods, money and property of the said Anebior Anebiou, which said money the said Anebior Anebiou then and there did have in the pockets of the said Anebior Anebiou, did then and there with said intent stealthily and secretly endeavor to, and did, thrust, insert and put the hands of them, the said Edward Purcell and the said James Hannon, into the pockets of the said Anebior Anebiou, contrary to the statute."

By our statute larceny is defined to be the felonious stealing, taking or carrying, leading, riding or driving away the personal goods of another, and it is provided that private

stealing from the person of another shall be deemed larceny. Our statute divides the crime of larceny into two grades. Where the property stolen exceeds the value of $15 the larceny is made a felony, and the punishment is fixed at imprisonment in the penitentiary for not less than one year nor more than ten years. Where the property stolen is of the value of $15 or less the crime is made a misdemeanor, and the punishment is imprisonment in the county jail not exceeding one year and a fine not exceeding $100. The second count of the indictment does not charge plaintiffs in error with any crime. The charge made in this count constitutes an essential part of both the crime of grand larceny and the crime of an attempt to commit grand larceny. The count does not charge either that the crime of larceny was completed or that plaintiffs in error failed in the perpetration of the offense or were intercepted in the execution of the same. To charge the offense of an attempt to commit larceny it is essential that it be charged and proven not only that some overt act was done towards the commission of larceny, but that the person making the attempt failed in the perpetration of the offense or was intercepted and prevented in its execution. This is one of the material and essential elements of an attempt to commit the crime, and the second count of the indictment is fatally defective in failing to allege the failure.

It is urged on behalf of the People that the word "attempt" itself implies a failure, and that by necessary implication the second count must be held good. There might be some force to this contention if the word "attempt" or its equivalent had been used in the second count. The count contains no language from which it must necessarily be implied that the parties accused failed in the accomplishment of their designs.

It is not contended on the part of the People that the first count is sufficient to support the verdict in this case, but it is contended that this is a good count for an attempt to commit petit larceny, under our statutes. In support of this

contention the case of *Commonwealth* v. *McDonald,* 5 Cush. ·365, and cases in various other jurisdictions which have followed the Massachusetts case, are cited. As *Commonwealth* v. *McDonald, supra,* seems to be the leading case in this country on the question there involved and as it will serve to illustrate the difference between our statute and the statutes in other States, we will note only that case. In that case McDonald was convicted of an attempt to steal from the person, and the judgment of conviction was affirmed by the Massachusetts Supreme Court. Massachusetts has a statute making it a crime to attempt to commit an offense prohibited by law which is almost identical with section 1 of division 2 of our Criminal Code above set out. It was there contended, as here, that the indictment should have set out particularly the property attempted to be stolen and its value, but the court points out that as the punishment under the laws of Massachusetts for the crime of stealing from the person does not depend on the amount stolen, there was no occasion for any allegation as to value in an indictment charging an attempt to commit that offense. It was there held that it was not necessary to describe the goods attempted to be stolen, nor was it necessary that there should have been anything in the pocket of the person which could have been stolen, as the offense was complete by the general attempt to steal and the act done towards the commission of the offense by McDonald by thrusting his hand into the pocket of the person from whom he was attempting to steal. As the character of the completed crime did not depend at all upon the amount stolen, the court properly held, as we view it, that an attempt to steal anything from the person of another constituted the crime defined by the statute of Massachusetts, and even though there was nothing of value upon the person of the one upon whom the attempt was made or anything capable of being stolen, the attempt having been made and having failed, the crime was complete. The Massachusetts court expressly confined the decision to the par-

ticular case under consideration,—an attempt to steal from the person,—stating as its reason for so doing that there may be cases of attempts to steal where it would be necessary to set out the particular property attempted to be stolen and the value.

The difference between the statute of Massachusetts and our statute is quite apparent. While in that State the punishment for the crime of stealing from the person does not depend upon the amount stolen, in this State it does. In this State, if the amount stolen exceeds the sum of $15 the crime is that of grand larceny, which is made a felony. If the amount stolen is $15 or less the crime is that of petit larceny, which is punishable by imprisonment in the county jail and a fine. The value of the property attempted to be stolen therefore becomes material in order to determine the crime committed and the punishment to be inflicted. In order to charge one with an attempt to commit petit larceny it is necessary to allege in the indictment, and prove, that the property attempted to be stolen was of the value of $15 or less, and in order to charge one with an attempt to commit grand larceny it is necessary to allege and prove that the value of the property attempted to be stolen was more than $15; and this is true whether it is an attempt to steal property from the person or otherwise. This necessarily leads to the conclusion that where an attempt is made to steal from the person of one who has nothing of value on his person or nothing capable of being stolen no crime has been committed. This conclusion is not in conflict with the rule announced in *Commonwealth* v. *McDonald, supra,* and the cases which have followed it in other jurisdictions, but results from the provisions of our statute defining the crime of larceny and fixing the punishment therefor.

As both counts of the indictment are fatally defective, the motion in arrest of judgment should have been sustained.

The judgment of the criminal court is reversed.

*Judgment reversed.*