HOYLE E. TURKNETT v. STATE.

156 So. 538.

Division B.

Opinion Filed September 20, 1934.

*Charles R. Hess,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was convicted in the Criminal Court of Record of Duval County under an information in one count charging the offense of an attempt to feloniously break and enter a certain store house of Lane Drug Stores, a corporation, with intent then and there to take, steal and carry away the money, property, goods and chattels of another of the value of Fifty ($50.00) Dollars.

We have two statutes denouncing breaking and entering with intent to commit larceny. Section 5116 R. G. S., 7217 C. G. L., under which this prosecution was had denounces the offense of breaking and entering a building such as is described in this information with intent to commit a felony; while Section 5119 R. G. S., 7220 C. G. L., denounces the offense of breaking and entering such a building with intent to commit a misdemeanor.

The evidence may be considered sufficient to show that the defendant attempted to break and enter the store building of Lane Drug Company, a corporation, that he actually broke a door and was about to succeed in entering the building when he was deterred by a police officer. But the record is silent as to what property, if any, was in that building and

there is no evidence from which either the court or the jury could determine what property, if any, the accused had the intent to steal, take and carry away. If the evidence had shown that there was property of value in the building the subject of larceny then the jury might have assumed that the accused was attempting to break into the building for the purpose of committing larceny. But, without some evidence as to what property the accused was interested in taking, the jury could not assume that the intent was evident to commit the higher of the two offenses denounced by the statutes.

The gist of the offense is the intent to steal and if the intent was to steal, take and carry away property of the value of $50.00 or more, then the accused would be amenable to punishment in the State Prison not exceeding seven and one-half years; while, if the intent was to steal, take and carry away property of another of the value of less than $50.00 then he would only be amenable to punishment by imprisonment not exceeding two and one-half years either in the State Prison or in the County Jail, or by fine not exceeding $250.00.

Therefore, it must readily be apparent that proof of the intent of the accused in this regard is essential to a conviction of the higher offense.

The State must always prove each element of the offense charged before a legal conviction may be had. Campbell v. State, 92 Fla. 775, 109 Sou. 809.

The Supreme Court of Illinois in the case of People v. Purcell, et al., 269 Ill. 467, 109 N. E. 1007, after discussing the case of Commonwealth v. McDonald, 5 Cush. 365, by the Supreme Court of Massachusetts, said:

"The difference between the statute of Massachusetts and our statute is quite apparent. While in that State the punishment for the crime of stealing from the person does not

depend upon the amount stolen, in this State it does. In this State, if the amount stolen exceeds the sum of $15 the crime is that of grand larceny, which is made a felony. If the amount stolen is $15 or less the crime is that of petit larceny, which is punishable by imprisonment in the county jail and a fine. The value of the property attempted to be stolen, therefore, becomes material in order to determine the crime committed and the punishment to be inflicted. In order to charge one with an attempt to commit petit larceny it is necessary to allege in the indictment, and prove, that the property attempted to be stolen was of the value of $15 or less, and in order to charge one with an attempt to commit grand larceny it is necessary to allege and prove that the value of the property attempted to be stolen was more than $15; and this is true whether it is an attempt to steal property from the person or otherwise. This necessarily leads to the conclusion that where an attempt is made to steal from the person of one who has nothing of value on his person or nothing capable of being stolen no crime has been committed. This conclusion is not in conflict with the rule announced in Commonwealth v. McDonald, *supra,* and the cases which have followed it in other jurisdictions, but results from the provisions of our statute defining the crime of larceny and fixing the punishment therefor."

So it is, that because of lack of evidence establishing a material element of the offense charged, the judgment must be reversed.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.