ON REHEARING GRANTED
PER CURIAM.
The court, sua sponte, ordered a rehearing because of a conflict between this opinion and that of the District Court of Appeal, First District, in Williams v. State, Fla.App. 1958, 101 So.2d 877. In the Williams case the First District referred to the offense of Attempted Breaking and Entering with Intent to Commit Petit Larceny as a misdemeanor under Fla.Stat., Sec. 776.04(3), F.S.A. This statute provides, in part:
“(3) If the offense attempted to be committed is punishable by imprisonment in the state prison for a term of less than five years, or by imprisonment in the county jail, or by fine, the person convicted of such attempt shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.”
It is implicit in our above opinion that this offense is a felony because we applied Fla.Stat., Sec. 776.04(2), F.S.A., to determine the maximum sentence which could be imposed. This statute provides:
“(2) If the offense attempted to be committed is punishable by imprisonment in the state prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year.”
Fla.Stat., Sec. 810.05, F.S.A., which is quoted in our original opinion, provides that Breaking and Entering with Intent to Commit a Misdemeanor is punishable by a *598 sentence not exceeding five years. The question then is whether the words “not exceeding five years” place the attempt of this offense within the purview of Subsection (2) or Subsection (3) of Fla.Stat., Sec. 776.04, F.S.A.
In Turknett v. State, 1934, 116 Fla. 562, 156 So. 538, the Florida Supreme Court stated, by way of dictum, that Attempted Breaking and Entering with Intent to Commit a Misdemeanor would be punishable by imprisonment not exceeding two and one-half years. This dictum supports our view that the attempt of this offense is punishable under Fla.Stat., Sec. 776.04 (2), F.S.A.
Having reconsidered the issue, and realizing that this does create a conflict with the Williams case, supra, we have decided to adhere to our original opinion.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.