PER CURIAM.
The appellants were found guilty, after a non-jury trial, under an information which charged them under Count I with breaking and entering a building with intent to commit a felony, to-wit: grand larceny, -and under Count II of the “possession of burglary tools” in violation of Section 810.06, Florida Statutes, F.S.A.
After a careful review of the briefs and record we find that there is a fatal variance between the information and the proof necessary to sustain a conviction under Count I, in that the information charged breaking and entering with the specific intent to commit the felony of grand larceny, and that the evidence failed to prove this charge.
The evidence failed to show that any actual grand larceny was committed, or that the appellants had any specific intent to commit grand larceny, or what items, or goods, of value, if any, were within the confines of the building.
The record, however, does contain sufficient competent evidence to affirm the *708 conviction and judgment that the appellants were guilty of the crime of having in their possession certain “burglary tools,” in violation of Section 810.06, Florida Statutes, F. S.A.
The judgment of the trial court is therefore affirmed insofar as the crime of possession of burglary tools, and is reversed on the allegations that the appellants were guilty of breaking and entering a building with intent to commit a felony, to-wit: grand larceny.
The cause is hereby remanded to the trial judge for the imposition of such sentence as he shall deem fit and proper under the circumstances for violation of Section 810.06, Florida Statutes, F.S.A.
It is so ordered.