PEARSON, Judge.
The appellant was convicted after a non-jury trial of the crime of breaking and entering a dwelling with intent to commit grand larceny. On this appeal he questions the sufficiency of circumstantial evidence to establish (1) the breaking and entering and (2) the intent to commit grand larceny.
The appellant with another person was arrested at about 9 P.M. in front of a residence in Dade County, Florida. The police had been summoned by neighbors who observed two persons entering the screened patio area and attempting to open the patio doors of the residence. Appellant testified that he was looking for a friend and that he had gone to the rear of the residence and into the patio to see if anyone was at home.
Appellant contends that his testimony is consistent with a reasonable hypothesis of his innocence and urges that the conviction be reversed. He relies on the rule: In order to sustain a conviction based on circumstantial evidence, such evidence must be consistent with the defendant’s guilt and inconsistent with any reasonable hypothesis of innocence. Parish v. State, 98 Fla. 877, 124 So. 444 (1929); Mayo v. State, Fla. 1954, 71 So.2d 899.
The explanation which appellant advances as being consistent with a reasonable hypothesis of innocence is contradicted by affirmative evidence in the record that: (1) his companion carried an opened package of razor blades, and the screen in the door to the patio had been cut; (2) one of the intruders was observed trying to pull open a sliding glass door between the patio and the house, and appellant’s fingerprints *604 were found on that glass door; (3) appellant and his companion approached the residence late in the evening in a stealthy manner, arousing the suspicions of the neighbors. Because of this evidence we think that appellant’s explanation does not constitute a reasonable hypothesis of innocence. McBride v. State, Fla.App. 1966, 191 So.2d 70.
Appellant also contends that the state failed to prove that he had the intent to commit grand larceny. Section 811.021 (2), Fla.Stat., F.S.A., provides: “If the property stolen is of the value of one hundred dollars or more, the offender shall be deemed guilty of grand larceny * * The value of the contents of the residence was proved to be in excess of one hundred dollars. Whether the appellant had the intent to commit grand larceny is a question of fact to be decided by the trier of fact from all the circumstances of the case. Jones v. State, Fla.App.1966, 192 So.2d 28S. There is sufficient evidence in the record to support a finding that the appellant had the requisite intent.
Affirmed.