PIERCE, Chief Judge.
In this case appellant Hoke Larry Turner was originally charged by information filed in the Polk County Criminal Court of Record in two counts. Count I charged breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, and Count II charged .petit larceny.
On trial before a jury he was acquitted of petit larceny on the second count and convicted on the first count charging breaking and entering with intent to commit petit larceny. It was all the outgrowth of the same transaction. Turner contends that inasmuch as he was acquitted of petit larceny he could not be convicted of breaking and entering with intent to commit the petit larceny. While the situation is unusual and somewhat anomalous there is no inconsistency. Each count is a substantive offense and stands on its own bottom.
As contended in the State’s brief, breaking and entering might well have been accompanied with the requisite intent to steal something of value inside the building, but for some reason, not too difficult to fathom, no such theft was actually carried out. In Footman v. State, Fla.App. 1967, 203 So.2d 356, this 2nd District Court held that the offenses of larceny on the one hand and burglary of a building with intent to commit larceny on the other hand were two separate offenses arising under different penal statutes, and for which separate sentences could be imposed upon conviction.
There was ample evidence to sustain the verdict as to breaking and entering. Shortly after 5 o’clock A.M. a police officer in Lakeland received a call to go to a Supermarket and upon getting there observed Turner walking about 100 feet away from the building. Upon taking him into custody the officer investigated and *883 found the front of the store building broken, pieces of glass lying around, and blood on the floor inside of the store window and on the pieces of glass. When Turner was apprehended and stopped, he was bleeding, with a trail of blood from the area where the window was broken and ending at the approximate location where he was arrested. Such facts were consistent with the hypothesis that Turner was the one who broke the window, cut himself in so doing, and left the premises with a trail of blood pointing directly to him as the person who had burglarized the store.
There being no other point raised to taint the judgment of conviction appealed, it is thereupon—
Affirmed.
HOBSON and McNULTY, JJ., concur.