276 So.2d 100 (1973)
Emil T. COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 72-719.
District Court of Appeal of Florida, Second District.
April 13, 1973.
*101 Robert E. Jagger, Public Defender, and Jerome C. Latimer, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The appellant, Emil T. Cole, seeks review of his convictions and sentences. The record reveals the following:
A two-count information was filed against appellant Cole by the state attorney of Pinellas County. He was charged with breaking and entering a building other than a dwelling house with intent to commit a misdemeanor, to wit: petit larceny, contrary to Section 810.05, Florida Statutes, F.S.A. In Count One of the information the building was described as that certain building known as Woodlawn Park Shopping Center, located at 1800 16th Street North, in the City of St. Petersburg. In Count Two of the information the building was described as that certain restaurant building known as Park Inn Restaurant, located at 1800 16th Street North in the City of St. Petersburg.
Appellant entered a plea of not guilty to both offenses, waived trial by jury with the consent of the court, and the case was tried before the Honorable William A. Patterson, Circuit Judge, in Pinellas County. Appellant was found guilty and sentenced under Count One to a term of six months to three years in the state penitentiary, and, under Count Two, to a term of six months to one year in the state penitentiary for attempt to commit the offense charged in said count, the terms to run concurrently.
The appellant asserts that the trial judge erred in denying his motion for new trial.
Appellant's precise point is a challenge to the information. He contends it is fatally defective for the reason that he is charged therein with the commission of crimes that he did not intend to commit. Such contention is not well founded and is without merit. The evidence of the guilt of the appellant is clear and convincing.
The main thrust of appellant's contention is that since he was frustrated in securing the drug, i.e. dilaudid, that he was attempting to steal from the Park Inn Drug Store, located in the Woodlawn Park Shopping Center, he cannot be convicted of the charges alleged in the information. We do not agree. See Turner v. State, Fla.App. 1972, 267 So.2d 882. As noted previously, the appellant was charged with the offense of breaking and entering the Woodlawn Park Shopping Center. The probata followed the allegata as we say. The evidence shows, without dispute, that *102 the premises in issue were all under one common roof and attic. Appellant was arrested in the common attic by police officers from the St. Petersburg Police Department. A silent alarm system went off and alerted the law enforcement authorities and they are to be highly complimented for the efficient manner in which they responded and acted. Further, Cole, upon arrest and after being advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, admitted to Detective Donald J. Handstad, who testified as a witness for the state, that he was a heroin addict; had a $150 a day habit; intended to break into the drug store to steal drugs to satisfy his habit; but, that he did not intend to steal from the Park Inn Restaurant. Intent is the gist of the offense charged. It was amply proven by the circumstantial evidence. Edwards v. State, Fla.App. 1968, 213 So.2d 274; Hall v. State, Fla.App. 1972, 260 So.2d 881.
Appellant is entitled to a fair and impartial trial and he was accorded one. The discerning trial judge, after hearing all of the evidence and oral argument of counsel for the parties at the conclusion of the case, found the appellant guilty as charged in Count One and guilty of attempt to commit the offense charged in Count Two of the information.
We have very carefully considered the appellant's contention in the light of the record and briefs of counsel, oral argument was waived by stipulation, and have concluded that no reversible error has been demonstrated.
Therefore, for the reasons stated, the judgments and sentences appealed from are hereby
Affirmed.
HOBSON, A.C.J., concurs.
McNULTY, J., concurs in conclusion only.