BOYER, Judge,
By information, appellant, one of the defendants below, and a co-defendant, Douglas King, were charged in Count I with breaking and entering the office of Dr. Daniel R. Usdin with the intent to commit grand larceny and in Count II with breaking and entering the office of Dr. Robert Rampton with the intent to commit grand larceny. Under each count the defendant was found guilty by a jury of the lessor included offenses of breaking and entering with the intent to commit a petit larceny. The sole issue on this appeal is whether there was sufficient evidence adduced at trial to sustain the guilty verdict as to Count I.
The following facts were proved at trial: The appellant, together with Douglas King and James Poole decided to break into a medical building for the purpose of obtaining drugs. The building, owned by Dr. Usdin, contained two offices. The office of Dr. Usdin who is a medical doctor, is separated from the office of Dr. Ramp-ton, an orthodontist, by an air conditioning room, the door of which is usually kept closed and boarded up with plywood. A cabinet covers the upper half of the door area but not the bottom half. With King keeping watch, the appellant and Poole went into Dr. Rampton’s office after breaking a window. Finding nothing there that they wanted to take, they entered Dr. Usdin’s office by kicking in the door to the air conditioning room. Inside this office, they took a quantity of drugs and syringes, as well as the physician’s desk reference book.
From these facts, appellant concludes that although it was the intention of all three participants to break into the building in which both doctors’ offices were located, neither he nor his two companions had any conscious intent to break and enter the adjoining office of Dr. Usdin which was separated by the air conditioning room. Since no evidence was introduced at trial to establish that the appellant had formed a specific intent to break and enter Dr. Usdin’s office, appellant argues that his conviction for breaking and entering Dr. Usdin’s office must be reversed.
We must reject appellant’s logic. The record in this case indicates that the offices burglarized were clearly identifiable as being of particular types. Each office was separately maintained by the respective occupants. Moreover, each office had a separate entrance and a separate street address. Even though the offices were technically connected by an air conditioning room which had doors leading into the two office areas, access between the two offices via the air conditioning room was not feasible. Specifically, a cabinet blocked the upper half of the door area and the door between Dr. Rampton’s office, and the air conditioning room was boarded up with plywood. Under these circumstances, convictions for breaking and entering both offices are justified. (See Cole v. State, Fla.App.2d 1973, 276 So.2d 100) Bearing in mind that intent to break and enter is often not subject to direct proof and can only be inferred from the circumstances by the trier of the fact, there is ample evidence in the record to sustain the breaking and entering conviction as to both counts of the information. (Jones v. State, Fla.App.3d 1966, 192 So.2d 285)
Affirmed.
RAWLS, C. J., and McCORD, J., concur.