436 So.2d 66 (1983)
STATE of Florida, Petitioner,
v.
Nathaniel WATERS, Respondent.
No. 61036.
Supreme Court of Florida.
July 28, 1983.
*67 Jim Smith, Atty. Gen., and Laura R. Morrison and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court upon the state's petition for review of the decision of the district court of appeal, reported as Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981). The district court held that the evidence was insufficient to support respondent Nathaniel Waters' conviction of attempted burglary. In reaching the question of the sufficiency of the evidence, however, the district court passed upon other questions which it has certified as being of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged with attempted second-degree burglary in violation of sections 810.02[1] and 777.04(1),[2] Florida Statutes *68 (1979). The information alleged that respondent had attempted to unlawfully enter the dwelling of John Rush with intent to commit the offense of theft therein. The case was tried to the court sitting without a jury. The occupant of the dwelling, John Rush, testified that he caught respondent in the act of trying to break into his rented room which was locked with a padlock on the outside. Investigating officers testified that they observed evidence of the attempted breaking in the form of indentations and a bent padlock hasp on the door to Rush's room. John Rush testified that his clothes, stereo phonograph, and television set were inside the room. After hearing all of the testimony, including respondent's claim of innocence, the trial judge found respondent guilty of attempted burglary.
On appeal, the district court held that the evidence failed to prove the element of intent to commit theft. This element could only have been proved by circumstantial evidence, the court reasoned, and the circumstances shown were not inconsistent with every reasonable hypothesis other than the hypothesis of an intent to commit theft. The court directed that judgment be entered adjudicating respondent guilty of attempted trespass.
Although the information alleged that at the time of the attempted unlawful entry the accused intended to commit theft inside the dwelling, the state argued to the district court that pleading and proof of intent to commit a specific offense were unnecessary. The state also argued that section 810.07, Florida Statutes (1979), could be relied upon to establish proof of the requisite criminal intent. So, the district court certified the following questions of great public importance:
1. In a prosecution for burglary under section 810.02, Florida Statutes (1979), is it necessary for the state to allege an intent to commit a specific offense?
2. Is the statutory rebuttable presumption contained in section 810.07, Florida Statutes (1979), sufficient to prove a prima facie case of intent to commit the specific offense of theft?
401 So.2d at 1133.
With regard to the first certified question, our answer is that an indictment or information charging burglary need not specify the offense the accused is alleged to have intended to commit, although it must allege the essential element of intent to commit an offense. The traditional practice, as respondent correctly points out, has been to require allegation of intent to commit a specified offense and to require proof of such intent. See, e.g., Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981); Jalbert v. State, 95 So.2d 589 (Fla. 1957); Turknett v. State, 116 Fla. 562, 156 So. 538 (1934); Walker v. State, 44 Fla. 466, 32 So. 954 (1902); Clifton v. State, 26 Fla. 523, 7 So. 863 (1890); Charles v. State, 36 Fla. 691, 18 So. 369 (1895); Jackson v. State, 300 So.2d 47 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 753 (Fla. 1975); Turner v. State, 267 So.2d 882 (Fla. 2d DCA 1972); Dobry v. State, 211 So.2d 603 (Fla. 3d DCA 1968); Bonamy v. State, 205 So.2d 707 (Fla. 3d DCA 1968); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA), cert. denied, 207 So.2d 452 (Fla. 1967).
Although there may be exceptions where the statutory language is so generic *69 that an accusation in the language of the statute would not be sufficiently definite, State v. Dilworth, 397 So.2d 292 (Fla. 1981), in general an indictment or information framed substantially in the language of the statute is sufficient. State v. Covington, 392 So.2d 1321 (Fla. 1981); Martinez v. State, 368 So.2d 338 (Fla. 1978). We therefore hold that an indictment or information charging burglary is not required to specify the offense which the accused is alleged to have intended to commit. If all the essential statutory elements of the offense are alleged, the accusatory document will generally be deemed sufficient. Where an indictment or information framed substantially in the language of the statute is nevertheless "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense," Fla.R.Crim.P. 3.140(o), it will still be the duty of the trial judge to dismiss the indictment or information upon motion of the defendant.
The early cases establishing the requirement of detailed specificity in indictments and informations were decided long before this Court adopted broad reciprocal discovery procedures. Our present discovery rules provide defendants with a much better means for avoiding surprise or embarrassment in the preparation of a defense than just the terms utilized in a charging document. Further, trial courts have the authority to remedy a lack of definiteness by granting a defendant's motion for a statement of particulars. Fla.R. Crim.P. 3.140(n). In this decision, we merely hold that in a burglary charge it is not per se required that the particular offense which the accused allegedly intended to commit in the premises be specified. This specificity will have to be furnished by the prosecution before the case goes to trial if timely requested by the defendant. Although the better practice is to provide specificity in the charging document, it is not fundamental error to use the general phraseology of the statute on which the charge is based. There clearly has been no showing of prejudice in this cause.
The essential elements of burglary as defined in section 810.02 are (1) entering or remaining in, (2) a structure or conveyance, (3) with intent to commit an offense therein.[3] Since the element of specific criminal intent may generally be alleged in the language of the statute, the indictment or information sufficiently alleges this element if it sets forth that the accused acted "with the intent to commit an offense therein." § 810.02(1), Fla. Stat. (1981). Of course, such intent, along with the other elements, must then be proved beyond a reasonable doubt in order for a verdict of guilt and judgment thereon to be proper. As a practical matter, where the state has evidence of the intent element, such evidence will generally show intent to commit a specific offense. In general, therefore, it will not be difficult for the state to specify the offense in the indictment or information. For this reason we expect that the traditional practice of specifying the offense will continue. We merely hold that specification of the offense intended is not so essential a part of the intent element as to require that it always be set out in the charging document.
The second certified question pertains to the operation and effect of section 810.07, Florida Statutes (1979), which provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.
In framing the certified question, the district court was mindful of the fact that in *70 this case the information alleged intent to commit theft. Thus the court was focusing on the facts of this case when it asked us whether section 810.07 is "sufficient to prove a prima facie case of intent to commit the specific offense of theft[.]" In this case, however, section 810.07 is inapplicable on its face because here the charge was attempted burglary rather than burglary and because here there was no proof of entering, but only of an attempt to break and enter. It is elementary that penal statutes are to be strictly construed. We therefore decline to expand the scope of section 810.07 beyond the clearly expressed legislative intent.
In order to provide guidance to the courts, however, we will attempt to respond to the certified question, which we modify to read as follows: "In a trial on a charge of burglary, is proof of the factual elements set out in section 810.07 sufficient to establish a prima facie case of intent to commit an offense?"
The predecessor of section 810.07 was first enacted in 1895. Ch. 4405, § 5, Laws of Fla. (1895). However, the statute has been the subject of surprisingly little judicial treatment at the appellate level until recently. Looking at the plain language of the statute, we can see that it sets out three factual elements: entry, stealth, and lack of consent. If proved, the statute provides, the facts thus shown "shall be prima facie evidence of entering with intent to commit an offense." That is, proof of the three elements will always be deemed to be a sufficient showing to allow a case of burglary to go to the jury even if there is no other evidence of the defendant's state of mind at the time of the unlawful entering, and will be legally sufficient proof of intent to support a verdict.[4] Thus section 810.07 provides the state with an alternative method of proving a charge of burglary when it is unable to adduce any evidence of the defendant's criminal intent when unlawfully entering a structure or conveyance.
In State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), the court concluded that section 810.07 provided an alternative means of alleging the crime of burglary. The court was proceeding on the assumption, however, that a charge under section 810.02 requires specification of the offense intended. Since in the present decision we abrogate the rule that the allegation of intent in a charge of burglary must always specify the offense intended, the basis of the Fields court's suggestion is now removed. All indictments and informations charging burglary must allege the essential element of intent as set forth in the statutory definition. See Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981). Section 810.07 only comes into operation as an alternative means of proving the element of intent. As modified, the second certified question is answered in the affirmative.
The remaining issue before us is the state's contention that the district court improperly substituted its judgment for that of the trier of fact on the issue of whether the evidence was sufficient to show that respondent had the intent to commit theft when he attempted to break into the room of John Rush. The district court proceeded under the traditional rule requiring pleading and proof of intent to commit a specific offense. Intent to commit the specific offense of theft was alleged in this case.
The testimony at trial was that the occupant of the room emerged from a bathroom into the hallway and found respondent trying to break into the padlocked room with a pair of pliers. The occupant of the room summoned the police who saw evidence of the attempted breaking. The occupant of *71 the room testified that he had a television, a stereo, and clothes in the room, and that he had not given respondent permission to enter his room or tamper with his lock.
The element of intent, being a state of mind, often can only be proved by circumstantial evidence. See, e.g., Scott v. State, 137 So.2d 625 (Fla. 2d DCA 1962). The district court reasoned that the special rule pertaining to the sufficiency of circumstantial evidence applied: the circumstances must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Mayo v. State, 71 So.2d 899 (Fla. 1954). The court held that under such rule the evidence here was legally insufficient:
The state contends that it is obvious from the circumstances of the attempted entry that Waters had some unlawful act in mind once he gained entry to the apartment and that it is probable that Waters intended to commit theft once inside. Although we agree that the circumstances of the attempted entry may give rise to an inference that Waters intended to commit some offense while inside, we cannot agree that such circumstances, standing alone, were sufficient to establish his intent to commit the specific offense of theft. That Mr. Waters intended to commit theft may be one logical inference drawn from the circumstances presented here. However, another logical inference might be that Mr. Waters intended to commit some other offense. Simpson, supra. [Simpson v. State, 81 Fla. 292, 87 So. 920 (1921).] That being the case, his conviction for attempted burglary with the intent to commit the specific offense of theft cannot stand.
401 So.2d at 1133 (footnote omitted).
In Simpson v. State, 81 Fla. 292, 87 So. 920 (1921), relied upon by the district court below, the prosecution was for breaking and entering with intent to commit rape. The evidence showed that a woman and her children were provided with temporary quarters in a shanty near a turpentine camp where her husband was employed. The defendant had previously resided in the same shanty. On the night in question the woman was awakened by the sound of the defendant opening the window. She struck a light, saw the defendant's face in the window, and screamed. The man immediately receded from the opening and left the premises. The Court held that the state had failed to produce sufficient evidence to prove the specific intent to commit the crime of rape under the circumstantial evidence rule. The Court explained:
Certain circumstances, unexplained, might tend to prove the intent, such as laying hold of a woman, or running after her in an attempt to do so, to establish intent to commit rape; the possession of a murderous weapon, ready for use, with other circumstances to establish the intent to kill; the possession of highly explosive material, to establish intent to commit arson; or the unexplained taking or attempting to take personal property, as evidence of intent to commit larceny. Some courts have held that from the mere breaking and entry the intent to commit larceny may be inferred. State v. Worthen, 111 Iowa 267, 82 N.W. 910; Moseley v. State, 92 Miss. 250, 45 South. 833. If such a presumption is warranted, which we do not hold, it is such a presumption as would prevent a conviction of intent to commit any other felony, in the absence of facts rebutting that presumption, and raising the presumption of intent to commit a different offense.
It is a well-settled rule that, in order to convict on circumstantial evidence, the facts must be such as to exclude every reasonable hypothesis except that of the guilt of the accused of the offense charged. In this case the accused was charged with an intent to commit a specific act. Only the breaking and entering, and the presence of a woman and children in the room, were proven. This does not exclude the hypothesis that he intended to commit murder, larceny, arson, or any other felony.
The circumstantial evidence in this case falls short of the essential of excluding every other hypothesis but that of the prisoner's guilt of the offense charged.
Id. at 297-98, 87 So. at 922.
In the present case, the evidence showed that the door through which respondent *72 was attempting to break and enter was padlocked from the outside. From this fact it may be inferred that respondent knew that there was no one inside the room, thus negating any intent to commit a crime against a person such as murder, robbery, rape, assault, or battery. The evidence showed that respondent carried a pair of pliers, but no explosive or flammable materials, thus negating any intent to commit the offense of arson inside the room. The circumstances shown are inconsistent with any hypothesis of intent to commit these or any other crimes except theft. But they are not inconsistent with the hypothesis that respondent intended to commit theft.
In Turknett v. State, 116 Fla. 562, 156 So. 538 (1934), the defendant was charged with attempted breaking and entering of a building with intent to steal goods of a value of $50 or more. At the time the statutes made a distinction between burglary with intent to commit grand larceny, a felony, and burglary with intent to commit petit larceny, a misdemeanor. The degree of seriousness of the burglary charge depended on which level of offense was intended, so the value of the goods to be stolen was an important matter of proof. The breaking and entering was unsuccessful and no goods were actually stolen. There was no evidence of what property, if any, was in the building, so there was nothing from which to infer what the accused intended to steal. The Court said:
If the evidence had shown that there was property of value in the building, the subject of larceny, then the jury might have assumed that the accused was attempting to break into the building for the purpose of committing larceny. But, without some evidence as to what property the accused was interested in taking, the jury could not assume that the intent was evident to commit the higher of the two offenses denounced by the statutes.
Id. at 564, 156 So. at 538.
In Bonamy v. State, 205 So.2d 707 (Fla. 3d DCA 1968), the prosecution was for breaking and entering of a building with intent to commit grand larceny. In reversing the conviction the court said, "The evidence failed to show that any actual grand larceny was committed, or that the appellants had any specific intent to commit grand larceny, or what items, or goods, of value, if any, were within the confines of the building." Id. at 707. The opinion therefore strongly suggested that a showing of the presence of goods available to be stolen would have been sufficient to support an inference of intent. In the present case, the occupant of the room testified that his television, stereo, and clothing were in the room.
There are numerous other cases in which the accused burglar did not succeed in actually stealing anything, but where the specific intent to steal was held to have been proved by the circumstances, including the presence of property or goods available to be stolen. See, e.g., Rebjebian v. State, 44 So.2d 81 (Fla. 1949); Walker v. State, 44 Fla. 466, 32 So. 954 (1902); Clifton v. State, 26 Fla. 523, 7 So. 863 (1890); R.A. v. State, 400 So.2d 1059 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981); Eaton v. State, 307 So.2d 915 (Fla. 3d DCA), cert. denied, 316 So.2d 286 (Fla. 1975); Jackson v. State, 300 So.2d 47 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 753 (Fla. 1975); Turner v. State, 267 So.2d 882 (Fla. 2d DCA 1972); Roundtree v. State, 236 So.2d 140 (Fla. 3d DCA 1970); Dobry v. State, 211 So.2d 603 (Fla. 3d DCA 1968); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA), cert. denied, 207 So.2d 452 (Fla. 1967); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). The question of the defendant's intent to steal is a question of fact to be determined by the trier of fact based upon all of the circumstances shown by the evidence. Dobry v. State, 211 So.2d 603 (Fla. 3d DCA 1968); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966).
In the present case, we believe that the circumstances shown by the evidence were such that the trier of fact was properly able to conclude that at the time respondent *73 attempted to unlawfully enter the room, he intended to commit the crime of theft once he gained entry. Therefore the district court of appeal erred by improperly substituting its judgment for that of the trier of fact on this evidentiary issue.
We now reiterate our conclusions. Indictments and informations charging the crime of burglary or attempted burglary must allege that the accused committed the unlawful act with the intent to commit an offense but need not always specify the offense. Proof of the elements set out in section 810.07 is sufficient to establish prima facie evidence of such intent in a trial on a charge of burglary. In the present case, in which intent to commit a specified offense was alleged, there was circumstantial evidence from which the trier of fact could properly conclude that the defendant here attempted to enter with the intent to commit theft.
The decision of the district court of appeal is quashed and remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Section 810.02 provides:

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 777.04(1) provides:

(1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).
[3] In State v. Hicks, 421 So.2d 510 (Fla. 1982), this Court held that the statutory provision pertaining to the lack of consent of the owners or occupiers of the structure or conveyance is not an essential element of the crime but creates a defense that must be raised affirmatively.
[4] The establishment of such a prima facie case of intent, however, does not take away the defendant's presumption of innocence. The presumption of innocence still exists even after the state has made out a prima facie case of intent. The circumstances shown by evidence offered by the state or by the defendant and aided by the presumption of innocence may operate to rebut or impair the prima facie case made out by the state, thus rendering a conviction based thereon improper. McNair v. State, 61 Fla. 35, 55 So. 401 (1911). See Fitzgerald v. State, 339 So.2d 209 (Fla. 1976).