436 So.2d 73 (1983)
STATE of Florida, Petitioner,
v.
Michael Todd ROZIER, Respondent.
STATE of Florida, Petitioner,
v.
Joe YOUNG, Respondent.
Nos. 61139, 61167.
Supreme Court of Florida.
July 28, 1983.
Jim Smith, Atty. Gen. and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondents.
BOYD, Justice.
These cases are before the Court on the state's petitions for review of two decisions *74 of the District Court of Appeal, Fifth District, reported as Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), and Young v. State, 403 So.2d 3 (Fla. 5th DCA 1981). The decisions are in conflict with State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980), and Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
These cases have to do with the construction and application of sections 810.02[1] and 810.07,[2] Florida Statutes (1979), pertaining to the definition and proof of the crime of burglary. Michael Todd Rozier was charged with burglary in a two-count indictment although clearly there was only one factual event upon which the allegations were based. The two counts charged the crime upon alternative theories of criminal liability and proof. The first count alleged that respondent had entered or remained in a structure (a dwelling) with intent to commit the offense of theft therein. The second count alleged that he had entered or remained in the dwelling stealthily and without the consent of the owner. The jury returned verdicts finding respondent not guilty on the first count but guilty on the second count. The main question on appeal was whether allegations of the elements of section 810.07 were a sufficient substitute for an allegation of intent to commit an offense. The district court held that they were not and that count two of the information was deficient for failure to allege that the defendant entered the dwelling with the intent to commit an offense therein. On the ground that count two thus failed to allege an essential element of the offense, the district court set aside the judgment and ordered respondent adjudicated guilty of trespass.
In State v. Waters, 436 So.2d 66 (Fla. 1983), we have held that an information charging burglary need not always specify the offense the defendant is alleged to have intended, but must always allege intent to commit an offense. Since count two of the information did not contain an allegation of intent to commit an offense, and since such intent is an essential element of the offense, the information was insufficient to support the verdict.
The state argues that even if count two of the information was defective for failure to allege the element of intent, the defect need not result in reversal since it was waived when Rozier went to trial on the information without moving to dismiss count two. Under the circumstances of this case, however, we are unable to conclude that the defect did not affect the fundamental fairness of the trial. Under count two of the information, the jury may have been under the impression that proof of stealthy entry and lack of consent pursuant to section 810.07 constituted conclusive proof of guilt of burglary. Proof of the elements of section 810.07 does not, however, prove the crime but only constitutes prima facie evidence of intent to commit an *75 offense. See Fitzgerald v. State, 339 So.2d 209 (Fla. 1976); McNair v. State, 61 Fla. 35, 55 So. 401 (1911). Thus proof of the section 810.07 elements is a sufficient evidentiary basis for a finding of the intent element but the intent element, before being thus proved, must be placed in issue by being alleged in the charging document. State v. Waters, 436 So.2d 66 (Fla. 1983). We therefore conclude that the district court was correct in holding that the information upon which the verdict of guilt of burglary was based was insufficient to support such verdict.
The information in the Young case similarly attempted to make stealth and lack of consent into an allegational substitute for the element of intent to commit an offense. Therefore the information failed to allege all the essential elements of burglary. The jury therefore may not have understood that the element of intent to commit an offense needed to be proved beyond a reasonable doubt and that evidence of entry, stealth, and lack of consent was relevant to but not conclusive of the issue of intent. State v. Waters, 436 So.2d 66 (Fla. 1983). The district court was therefore correct in reversing the conviction.
The result of both decisions of the district court of appeal are approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Section 810.02 provides:

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 810.07 provides:

In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.