PER CURIAM.
Understandably relying on a long history of case law requiring of a burglary charge an intent to commit a specific offense, see, e.g., State v. Speights, 417 So.2d 1168 (Fla. 1st DCA 1982), quashed and remanded, 437 So.2d 1387 (1983), the trial court dismissed the burglary charge against appel-lee. Since the trial court’s order dismissing this information, however, the Florida Supreme Court has held that a burglary information need only allege the essential element of intent to commit an offense, as does this information. State v. Waters, 436 So.2d 66 (Fla.1983). Accordingly, this cause is REVERSED and REMANDED to the trial court with directions that the information charging appellee with burglary be reinstated.
ERVIN, C.J., JOANOS, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.