BOYD, Justice.
This case is before us on petition for review of State v. Clark, 416 So.2d 13 (Fla. *210 1st DCA 1982). Our jurisdiction was invoked and the case accepted for review on the ground of express and direct conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
Respondent was charged with burglary by an information which alleged in pertinent part that he
did then and there unlawfully enter or remain in a structure ... with the intent to commit the offense of Theft therein, or did enter through a window at about 4:45 A.M. stealthily without the occupant’s consent with intent to commit some offense, contrary to Sections 810.07 and 810.02, Florida Statutes.
Thus the information charged burglary by the conventional method first and then as an alternative charge set out the elements of section 810.07, Florida Statutes (1981). The defendant moved to strike the alternative allegation of burglary by stealthy entry, etc., in response to which the trial court entered an order dismissing the entire information.
On appeal the district court reversed the order dismissing the entire information but affirmed the dismissal of the charge made by alleging the elements set forth in section 810.07. The district court relied on Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), which held that section 810.07 does not establish a substantive offense.
We recently approved the Rozier decision relied on by the court below. State v. Rozier, 436 So.2d 73 (Fla.1983). There and in State v. Waters, 436 So.2d 66 (Fla.1983), we held that the elements in section 810.07 do not constitute the crime of burglary and therefore do not provide an alternative method of alleging the crime. Under these recent decisions of this Court, the decision of the district court in the present case was substantially correct.
It should be noted that in State v. Waters we modified the law and held that a charge of burglary need not always descend to particulars on the matter of the specific offense the accused intended to commit. It should also be noted that in State v. Rozier the principal problem we found with the alternative allegation of burglary used there was the absence of an allegation of intent to commit an offense. In the present case it might be argued that the alternative set of allegations was sufficient to charge burglary because, after Waters, all the essential elements were there. However, we held in Waters and Rozier that section 810.07 should not be used as an allegational alternative but only as an evidentiary alternative on the issue of intent.
Accordingly, the decision of the district court, reversing the trial court’s dismissal of the entire information, is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.