446 So.2d 1148 (1984)
L.S., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2076.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*1149 Bennett H. Brummer, Public Defender, and Chaykin, Karlan & Jacobs and Sharon B. Jacobs, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
In a petition for delinquency, the juvenile was charged with theft, in violation of section 812.014, Florida Statutes (1981) and burglary, in violation of section 810.02, Florida Statutes (1981). He was adjudicated delinquent on both counts. The state has conceded that the evidence was insufficient to support the theft conviction and accordingly we reverse on that count. As to the burglary, we affirm.
The record reflects that there were six fingerprints lifted from the window sill of the window used to gain entrance to the victim's home. Two of these prints matched the juvenile's fingerprints. Although the house had also been broken into one week earlier, the victim stated that the window sill had been dusted and cleaned between the time of the two illegal entries.
As to the burglary count, the information charged as follows:
This child ... did unlawfully enter or remain in a certain structure ... with the intent to commit an offense therein, to wit: THEFT in violation of 810.02, Florida Statutes (emphasis supplied)
L.S. argues that having charged him with the specific intent to commit theft, the state was required to prove that he had that specific intent. However, he contends that the state not only failed to prove this specific intent, but it failed to prove intent at all, erroneously relying on proof of the presumption of intent as provided in section 810.07, Florida Statutes (1981).[1] In support of his position, the juvenile directs our attention to State v. Waters, 436 So.2d 66 (Fla. 1983). Waters held that the information need not identify the specific offense which the defendant intended to commit once inside the structure. It then addressed the issue of whether proof of the factual elements set out in section 810.07 would be sufficient to establish a prima facie case of intent to commit an offense and concluded:
Looking at the plain language of the statute, we can see that it sets out three factual elements: entry, stealth, and lack of consent. If proved, the statute provides, the facts thus shown "shall be prima facie evidence of entering with intent to commit an offense." That is, proof of the three elements will always be deemed to be a sufficient showing to allow a case of burglary to go to the jury even if there is no evidence of the defendant's state of mind at the time of the unlawful entering, and will be legally sufficient proof of intent to support a verdict.
Waters, 436 So.2d at 70.
The supreme court did not address the precise question before us; however, insofar as it held that specification of the offense intended is not essential, we find that its inclusion in the charging document is surplusage and need not be proven. If the state were precluded from using the presumption by virtue of charging the intent to commit a specific offense, there would be no incentive for the state to ever enumerate the particular offense. We *1150 hold, therefore, that when the state charges that the defendant did intend to commit a specific offense after the breaking and entering, it may avail itself of section 810.07. We disagree with our sister court in Bennett v. State, 438 So.2d 1034 (Fla. 2d DCA 1983) to the extent that it holds otherwise.
The juvenile's second point on appeal is that there was insufficient evidence to support an adjudication for burglary. The evidence revealed that the finger-prints, which were the sole evidence linking L.S. to the crime, were inside the bedroom window sill, a place not accessible to the general public. While this fact, standing alone, would be legally sufficient to support the conviction, Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982), the juvenile argues that the state failed to show that the fingerprints could not have been made during the prior burglary. We conclude that the victim's testimony that she cleaned the sill between the time of the two burglaries negates the juvenile's suggestion that the prints were made by the juvenile at some earlier time. Summerson v. State, 200 So.2d 594 (Fla. 3d DCA 1967). See also Sorey.
Affirmed in part, reversed in part.
NOTES
[1] Section 810.07 provides:

Prima facie evidence of intent.  In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.