BOARDMAN, Judge.
Appellant Michael Williams challenges his judgment and sentence for burglary with assault under section 810.02(2)(a), Florida Statutes (1983). For the reasons discussed below, we affirm.
We reject appellant’s assertion that he was prejudiced by the filing of an amended information twelve days before trial which deleted reference to the specific offense which appellant allegedly intended to commit within the burglarized premises. As the supreme court noted in State v. Waters, 436 So.2d 66 (Fla.1983), it is not per se required that a burglary charge specify the particular offense which the accused allegedly intended to commit within the premises, but the prosecution must furnish this specificity “before the case goes to trial if timely requested by the defendant.” Id. at 69. Accord Bennett v. State, 438 So.2d 1034, 1035 (Fla. 2d DCA 1983). Appellant’s failure to request such specificity in the time remaining before trial certainly undermines his contention that he deemed such information crucial to his defense. We also note that appellant did not request a continuance or engage in any discovery in response to the amended information. These considerations, coupled with a record which fails to demonstrate any prejudice whatsoever, mandate affirmance on this issue.
We also find no merit in appellant’s contention that he was prejudiced by the trial court’s imposition of a forty-five minute time limitation for each side’s closing argument. Under the facts and circumstances presented, we do not consider this limitation unreasonable. See McDuffee v. State, 55 Fla. 125, 46 So. 721 (1908).
Finally, the record supports the state’s assertion that the trial court merely recommended the imposition of attorney’s fees as a condition of parole. Because a trial court is not precluded from making such a recommendation, Alexander v. State, 425 So.2d 1197, 1198 (Fla. 2d DCA 1983), appellant’s third point on appeal also demonstrates no reversible error.
In reviewing the written judgment rendered in this case, we could not help but note that it designates section “755.087(1)-1,” Florida Statutes (1983), as one of the statutes violated by appellant’s criminal conduct. This reference obviously is typographically incorrect as well as legally inconsistent with both the jury’s verdict and the lawful sentence actually imposed. Accordingly, we strike this apparent clerical error. We affirm appellant’s judgment and sentence in all other respects.
RYDER, C.J., and HOBSON, J., concur.