PER CURIAM.
Rodriguez appeals a revocation of probation which was based on a finding that he committed an attempted burglary. We agree with appellant that the evidence was insufficient to prove an attempted burglary because: (a) the state failed to show the intent to commit an offense within Ms. Schraader’s home; and (b) the court erred in deriving that intent from section 810.07, Florida Statutes (1981), which does not operate in the case of an attempted burglary where there is no entry. State v. Waters, 436 So.2d 66, 69-70 (Fla.1983). However, it was clearly established that the defendant entered the property and, even in the face of Ms. Schraader’s warnings that she would call the police, attempted entry through the front door, the back door, and a window. Therefore, there was sufficient competent evidence to support a finding that Rodriguez committed the offense of trespass in violation of sections 810.08(1), (2)(b) and 810.011(1), Florida Statutes (1981).[1] Consequently, the revocation of *515 probation is sustainable. Finding Rodriguez’ arguments about the illegality of the sentence to be without merit, the judgment and sentence are affirmed.

. The cited statutory provisions read as follows, with emphasis supplied: *515 810.08 Trespass in structure or conveyance.—
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
(2)(b) If there is a human being in the structure or conveyance at the time the offender trespassed, attempted to trespass, or was in the structure or conveyance, the trespass in a structure or conveyance is a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
810.011 Definitions. — As used in this chapter:
(1) "Structure” means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
Rodriguez’ uninvited and unauthorized entry onto the curtilage, the land around the dwelling, and his refusal to leave after warning, clearly constitute a trespass under the statutes.